**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

**No. 2:17-cv-02895 EGS**

---

**In The Matter Of:**

**GARY F. SEITZ,**
*Plaintiff and Appellee*

**v.**

**ANN MILLER**
*Defendant and Appellant*

---

Appeal from the United States Bankruptcy Court, Eastern District of Pennsylvania
Bankruptcy Court Case No. 12-16015
Adversary Case No. 16-00448

---

# APPELLANT'S OPENING BRIEF

---

Douglas R. Lally
Law Office of Douglas R. Lally
261 Old York Road, Suite 524
Jenkintown, PA 19046
Tel. 215-886-6350
lawshark@hotmail.com

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**................................................................ .iii

I.      **STATEMENT OF JURISDICTION**...................................................1

       A. Basis for the Bankruptcy Court's Jurisdiction.....................................1

       B. Basis for the District Court's Jurisdiction....................................... 1

       C. Timeliness of the Appeal.............................................................1

       D. Appeal from Final Order and Judgment..........................................1

II.      **ISSUES PRESENTED AND STANDARDS OF REVIEW**......................2

III.      **STATEMENT OF THE CASE AND PROCEDURAL HISTORY**......... ..3

IV.      **SUMMARY OF ARGUMENT**...................................................... .8

V.      **ARGUMENT**........................................................................... .10

       A.     The Bankruptcy Court Erred in Granting Summary Judgment........... . 10

          1. The Bankruptcy Court Has No Power Over Property That Is Not In the Estate.................................................................. ..10

          2. The Definition of Property Is a Matter of State Law.........................11

          3. Under Pennsylvania Law the Fees Are Not Property of the Estate...... .12

          4. Collateral Estoppel Does Not Apply..................................... 15

       B.     The Bankruptcy Court Erred When It Failed to Consider the Cross Motion for Summary Judgment........................................... 18

       C.     The Bankruptcy Court Exceeded Its Authority Throughout These Proceedings.......................................................................19

i

VI.    **CONCLUSION**...............................................................................22

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

Cases

*Arbaugh v Y & H Corp.,* 46 U.S. 500 (2006).............................................................................. 20

*Basista v Weir,* 340 F. 2d 74 (3rd Cir. 1965) .............................................................................. 17

*Beasley v. Beasley,* 518 A. 2d 545 (Pa. Super. 1986), *appeal denied,* 533 A. 2d 90 (1987) ... 11, 13

*Butner v. United States,* 440 U.S. 48 (1979)........................................................................... 11,14

*Celotex Corp. v. Edwards,* 514 U.S. 300 (1995) ........................................................................ 10

*DeMasi v. DeMasi,* 530 A. 2d 871, *allocator denied,* 539 A. 2d 811 (1987)................................ 14

*Doe v Hesketh,* 828 F. 3d 159 (3rd Cir. 2016) ............................................................................ 15

*Griggs v Provident Consumer Co.,* 459 U.S. 56,58 (1982).......................................................... 20

*Hawksbill Sea Turtle v Federal Emergency Management Agency,* 126 F. 3d 461 (3rd Cir. 1997)

.................................................................................................................................................. 17

*Howard Hess Dental Laboratories Inc. v Dentsply International, Inc.,* 602 F. 3d 237 (3rd Cir.

2010) ......................................................................................................................................... 15

*Ignelzi v. Egg, Cordes, Murphy and Ignelzi, LLP,* 78 A. 3d 1111 (Pa. Super. 2013)........ 11, 12,13

*In Re Combustion Engineering, Inc.* 391 F. 3d 190 (3d Cir. 2004)......................................... 11,18

*In Re Labrum & Doak, LLP,* 227 BR 391 (Bankr. Court, E.D. Pa. 1998) .................................. 11

*In Re Mullarkey,* 563 F. 3d 215 (3d Cir. 2008)........................................................................... 10

*In Re Transtexas Gas Corp.,* 303 F.3d 571 (5th Cir. 2002).......................................................... 20

*In Re Vistacare Group, LLC,* 678 F.3d 218 (3dCir.2012)............................................................. 2

*Ins. Corp. of Ireland, Ltd. v Compagnie des Bauxites de Guinee,* 456 U.S. 694 (1982).............. 21

iii

*Lamparski v. Sikov, Lamparski & Woncheck, P.C.,*559 A. 2d 544 (Pa. Super. 1989), *appeal denied,*569 A. 2d 1368 (1990) ................................................................................... 11,12, 13,

*Littlejohn v BIC,* 851 F 2d 673 (3rd Cir. 1988)............................................................. 17

*Michigan Employment Security Commission v Wolverine Radio Co., Inc.*, 930 F. 2d 1132 (6th Cir. 1991) ............................................................................................................. 20

*Rosen v Bezner,* 996 F. 2d 1257 (3d Cir.1993)...........................................................2

*Samuel-Basset v. KIA Motors America, Inc.,* 357 F. 3d 392 (3rd Cir. 2004) ................................ 15

*State Auto Property & Cas. Ins. Co. v Pro Design,* 566 F. 3d 86 (3rd Cir. 2009)................... 16, 18

*Steel Co. v. Citizens for Better Environment,* 523 U.S. 83 (1998)................................. 10

*United States v Tittjung,* 235 F. 3d 330 (7th Cir. 2000)................................. 21

## Statutes

11 U.S.C. 101............................................................................................19

11 U.S.C. 541............................................................................ passim

11 U.S.C.542.................................................................................. .1,11

28 U.S.C.157.........................................................................passim

28 U.S.C. 158..............................................................................1

U.S.C.1334.............................................................................1,19

Rules

Fed. R. Bankruptcy P. 8002...............................................................1

Fed. R. Bankruptcy P. 9024..............................................................21

Fed. R. Civ. P. 60.........................................................................21

Other Authorities

Code of Judicial Conduct for United States Judges Canon 3,……………………………..18

Pennsylvania Rules of Professional Conduct, R.3…………………………………………19

## TABLE OF CONTENTS
## APPELANT'S EXCERPTS OF RECORD

| FILING DATE | DKT NO. | APP. NO. | DOCUMENT DESCRIPTION | TOTAL PAGES | CONSECUTIVE PAGE NOS. |
|---|---|---|---|---|---|
| 6/2012 – 7/2017 | | 1 | Dockets 12-16015; 15-00231; 16-00448 | 26 | 1-26 |
| 12/16/2016 | 1 | 2 | Adversary Complaint in 16-00448 | 11 | 27-38 |
| 4/20/2017 | 14 | 3 | Motion for Summary Judgment filed by Gary F. Seitz | 10 | 39-49 |
| 4/25/2017 | 18 | 4 | Answer to Complaint | 5 | 50-55 |
| 5/11/2017 | 22 | 5 | Response to Motion for Summary Judgment filed by Ann Miller | 82 | 56-138 |
| 6/11/2017 | 25 | 6 | Motion for Summary Judgment filed by Ann Miller | 73 | 139-212 |
| 6/11/2017 | 26 | 7 | Memorandum of Law filed by Ann Miller | 8 | 213-221 |
| 6/11/2017 | 27 | 8 | Notice of Related Documents | 3 | 222-225 |
| 6/21/2017 | 30 | 9 | Opinion Re: Motion for Summary Judgment | 11 | 226-237 |
| 6/21/2017 | 31 | 10 | Order Granting Motion for Summary Judgment | 2 | 238-240 |

# I.    STATEMENT OF JURISDICTION

### A.  Basis for the Bankruptcy Court's Jurisdiction

The Bankruptcy court purported to have jurisdiction over the adversary proceeding pursuant to 28 U.S.C. 1334 (b) and as a "core proceeding" under 28 U.S.C. 157. The statutory predicates for relief asserted by the Plaintiff/ Appellee ("Trustee") are purportedly 11 U.S.C. 541 and 11 U.S.C. 542.

### B.  Basis for the District Court's Jurisdiction

The District Court has jurisdiction to hear appeals from final judgments, orders and decrees issued by the Bankruptcy Court pursuant to 28 U.S.C. 158 (a)(1).

### C.  Timeliness of the Appeal

Pursuant to Federal Rule of Bankruptcy Procedure ("F.R.B.P.") 8002 (a) (1), a Notice of appeal is timely if filed within 14 days after entry of the judgment, order or decree being appealed.

Here the Orders granting the Trustee's motion for summary judgment and the final judgment in this adversary proceeding were entered on June 21, 2017.

Defendant/Appellant ("Defendant" or "Appellant") filed the Notice of appeal on June 25, 2017 and it was entered on the docket of this Court on June 27, 2017.

### D.  Appeal from Final Order and Judgment

This appeal is from a final judgment, order or decree inasmuch as the Bankruptcy Court granted summary judgment on all claims brought by the Trustee against the Defendant.

# II.   ISSUES PRESENTED AND STANDARDS OF REVIEW

The first issue presented for review is whether the Bankruptcy Court erred when it granted

the Trustee's motion for summary judgment which was exclusively based on the ground of collateral estoppel. Inasmuch as the Bankruptcy Court made a legal determination that the Trustee was entitled to judgment on this basis, this Court reviews the Bankruptcy court's legal determination de novo. *In re VistaCare Group, LLC,* 678 F. 3d 218, 224 (3d Cir. 2012); *Rosen v Bezner,* 996 F. 2d 1527, 1530 (3d Cir. 1993) (when there has been a grant of summary judgment the standard of review is de novo).

The second issue presented for review is whether the Bankruptcy Court erred when it failed to consider and rule on Appellant's timely cross motion for summary judgment when it was filed and, instead, ruled after this Appeal was pending and after Appellant had filed her Statement of Issues on Appeal. The motion addressed whether the Trustee and the Bankruptcy Court had jurisdiction to proceed with the adversary complaint where the property sought in the adversary complaint was not property of the Appellant at the filing of the bankruptcy petition and hence not property of the bankruptcy estate under applicable Pennsylvania state law. Inasmuch as both actions amounted to a legal determination, the standard of review is de novo. *Id.*

The third issue presented for review is whether the Bankruptcy Court erred when it failed to address and consider whether it had jurisdiction to adjudicate the Trustee's adversary complaint which does not establish that the property its seeks to recoup from Appellant is property of the Appellant under applicable Pennsylvania state law. Inasmuch as this is a legal determination the standard of review is de novo. *Id.*

## III.    STATEMENT OF THE CASE AND PROCEDURAL HISTORY

Appellant is a sole practitioner attorney who filed a Chapter 7 voluntary bankruptcy petition on June 23, 2012 ("petition"). (Declaration of Ann Miller filed in support of Emergency

Motion for Stay Pending Appeal; Bankruptcy Dkt. 1).[1]  Following the meeting of creditors held on

July 26, 2012, the Trustee filed the Chapter 7 Trustee's Report of No Distribution on August 1,

2012, stating, in pertinent part: "I have made a diligent inquiry into the financial affairs of the

debtor(s) and the location of the property belonging to the estate; and that there is no property

available for distribution from the estate over and above that exempted by law". (Bkr. Dkt. 28).  At

the meeting of creditors, the Trustee had inquired about the nature of the Defendant's practice, and

the Defendant had discussed her cases with the Trustee. (Transcript of Trial, August 31, 2016

("Trial tr."), p.7; 53:14-54:1, reproduced at App.5).  None of these cases were resolved as of the

filing of the bankruptcy petition. (Defendant's Motion for Summary Judgment reproduced at App.

6).

On March 4, 2014 Joan Zubras ("Zubras"), a putative creditor, filed a Motion to Reopen

Chapter 7 case and on June 22, 2015 filed an adversary complaint ("Zubras Adversary"). (Zubras

Dkt. 1).  She identified the relief she sought in the Joint Pre-Trial Statement: "Plaintiff specifically

requests that the debt owed to her is non-dischargeable and she is to be awarded attorney fees".

(Joint Pre-Trial Statement, Zubras Dkt. 23, reproduced at App. 5).  The Judicial Practices and

Procedures of Bankruptcy Judge Raslavich states, in pertinent part: "[t]he parties shall file a joint

pretrial statement and file a copy with chambers.  The joint pretrial statement shall be signed by all

counsel…Counsel are expected to make a diligent effort to prepare a proposed pretrial statement in

which will be noted all the issues on which the parties are in agreement and all of those issues on

which they disagree. **The proposed pretrial order shall govern the conduct of the trial and

shall supersede all prior pleadings in the case."** (Emphasis supplied). At the conclusion of the

---

[1] Hereafter the dockets pertinent to this appeal will be referred to as "Bkr. Dkt" for the docket of the bankruptcy
petition No. 12-16015; "Zubras Dkt" for the docket of the adversary complaint No. 15-00231; and "Adv. Dkt." for the
docket of the adversary complaint filed by the Trustee, No. 16-00448 and subject of this appeal.  The dockets are
reproduced in Appellant's Appendix ("App.") Item 1.

Zubras trial, the Bankruptcy Court declared that it would be disregarding its own practices and procedures to limit the trial and pleadings to the pretrial order. (Trial Tr. 110, App.5). On Sept. 2, 2016 Defendant filed a Memorandum of Law challenging the court's jurisdiction to violate its own rules and reinstate claims abandoned by the plaintiff and asserting that the cases in which the Defendant was counsel were not property of the bankruptcy estate. (Zubras Dkt. 28). On December 8, 2016 the Bankruptcy Court entered an opinion which at its core ignores state law which controls the definition of asset of the estate; advances a theory of what is an asset of the estate which is directly contradictory to settled state law; and then pillories the defendant and her counsel for allegedly not having disclosed future possible payments from contingent fee cases which were not assets of the estate to begin with. (Bkr. Dkt. 73; Lally Declaration Exhibit 10 filed in support of Emergency Motion for Stay Pending Appeal in this Court). The lengthy opinion completely ignores Defendant's arguments and applicable Pennsylvania state law concerning the property of the estate. *Id.*

On December 16, 2016 the Trustee filed an adversary complaint (the "Complaint") against the Defendant seeking to recoup the attorneys' fees generated from the unresolved contingent fee cases and referral fees based thereon in which the Defendant was counsel at the time the petition was filed, and which were received by the Defendant long after the filing of the petition on June 23, 2012. (App.2). The specific cases named in the Complaint that generated these fees were unresolved contingent fee cases as of the date the petition was filed in June, 2012. (App.6, Exhibits 1 and 2 to Declaration of Douglas R. Lally filed in support of Defendant's Motion for Summary Judgment; Adv. Dkt. 25,).

On March 3, 2017 the Trustee filed a Motion to Approve Compromise under Rule 9019 and supporting documents which included a Settlement Agreement (the "Agreement") that the

4

parties had signed.  (Adv. Dkt. 9, 10; Declaration of Douglas R. Lally, Exhibit 1, attached to

Emergency Motion for Stay Pending Appeal, ("Lally Declaration") in this Court).

  The Trustee averred in the Motion to Approve Compromise that the Agreement was in the

best interests of the creditors and the bankruptcy estate.  The Agreement provided, inter alia, that

the Defendant would pay $250 per month beginning after approval of the agreement and did not

require the Defendant to provide any upfront payment. *Id.*.

  On April 6, 2017 the Bankruptcy Court denied the Motion to approve Compromise,

without stating any specific reasons for the denial in its Order. (Adv. Dkt. 12). (The Bankruptcy

Court had severely reprimanded the Trustee for proposing the settlement at the hearing.)

  On April 18, 2017, even though there was no Answer to the Complaint yet filed, or any

disposition of the underlying claims, without notice or even a copy of the letter to the Debtor's

counsel, the Trustee began collection efforts. Defendant (and her counsel) had no knowledge of

this letter until it was forwarded to the Defendant by the recipient of the letter, Mr. Collins, on May

1, 2017.  (Lally Declaration, Exhibits 2 and 3).

  Although the parties had agreed that Defendant would have 20 days after the Court's

disposition of the Motion to Approve Compromise in which to file her answer, on April 20, 2017

the Trustee filed a motion for summary judgment asserting that he was entitled to judgment on his

complaint on the grounds of collateral estoppel.  (App.3; Adv. Dkt. 14).

  Defendant filed her Answer to the Complaint on April 25, 2017 and response to the

summary judgment motion on May 11, 2017. ( App. 4, 5;Adv. Dkt. 18, 22).

  In the meantime, the Trustee continued his collection efforts, threatening to file a

preliminary injunction against the Defendant if she sought to earn a living by being paid for work

performed on cases years after the bankruptcy petition was filed and for cases which were not even filed until after the date of bankruptcy petition. (Lally Declaration, Exhibits 4 and 5).

On June 11, 2017, while the Trustee's motion for summary judgment was still "UNDER ADVISEMENT", Adv. Dkt. 23, Defendant filed a cross motion for summary judgment seeking dismissal of the Complaint on the grounds that the fees the Trustee seeks to recoup in the Complaint are not and were not property of the Bankruptcy Estate. Defendant's motion demonstrated that in a chapter 7 bankruptcy, such as the Defendant's, the bankruptcy estate is defined as of the date and time the bankruptcy petition was filed. Here, that operative date is June 23, 2012. Specifically, Defendant's motion establishes that state law provides the definition of property of a Bankruptcy Estate under 11 U.S.C. §541 (a) (1), and Pennsylvania appellate decisions, both before and after the filing of her bankruptcy petition, clearly hold that unresolved contingent fee cases and referral fees based thereon, such as those at issue here, are not property or assets of the attorney representing the claimant. Moreover, an unresolved contingent fee case is not an asset of the attorney or the law practice from which it is derived. (App. 6, 7;Adv. Dkt. 25, 26).

This was not the first time Defendant raised this issue in this adversary or in the Zubras adversary. The same grounds for denial of the Trustee's motion for summary judgment were also asserted, inter alia, by the Defendant in response to the Trustee's motion for summary judgment. (App.5;Adv. Dkt. 22 ).

The Trustee's motion was based on the opinion of the Bankruptcy Court which at its core ignores Pennsylvania state law which controls the definition of asset of the estate; advances a theory of what is an asset of the estate which is directly contradictory to settled Pennsylvania state law; and then pillories the Defendant and her counsel for allegedly not having disclosed future

6

possible payments from contingent fee cases which were not assets of the estate to begin with. (Bkr. Dkt. 73; Lally Declaration Exhibit 10).

On June 21, 2017, without consideration of the Defendant's motion for summary judgment, and perhaps to avoid considering the Defendant's motion, the Bankruptcy Court granted the Trustee's motion and entered judgment thereon. (App. 9, 10;Adv. Dkt. 30, 31, 32).

In violation of Rules 62 (a) and 7062, on June 22, 2017 at 8:15 am the Trustee began proceedings to enforce the judgment, sending emails to Mr. Collins and others stating "turn over all fees and proceeds of any litigation matters due to Ms. Miller up to $54,510.47 ". (Lally Declaration, Exhibits 6, 7, 8).

On June 22, 2017 the Trustee's counsel threatened the Defendant's counsel with sanctions if he did not immediately withdraw the Defendant's Motion for Summary Judgment. (Lally Declaration, Exhibit 9).

On June 25, 2017 Defendant filed her appeal of those orders granting summary judgment. (Adv. Dkt. 34).

On June 27, 2017 after this appeal was filed and docketed, the Trustee filed a motion in the bankruptcy court to strike Defendant's Motion for Summary Judgment. (Adv. Dkt. 37).

On July 12, 2017, although it had no jurisdiction to do so because this appeal was pending, the Bankruptcy Court denied Defendant's motion for summary judgment as "moot". (Adv. Dkt. 47).

On July 21, 2017 the Trustee renewed his motion to strike the Defendant's Motion for Summary Judgment by filing a purported "objection" to Appellant's Designation of Record on Appeal in the bankruptcy court.  The motion to strike cites as reasons for this relief "as they are not part of the record and were never moved into evidence". (Adv. Dkt. 50).

## IV.   SUMMARY OF ARGUMENT

This appeal at its core addresses the jurisdiction of the Bankruptcy Court and Trustee to proceed against a Debtor, the Defendant in this case, for recoupment of property that applicable state law holds is not the property of the bankruptcy estate.  They do not.

A bankruptcy estate, like the property of the debtor, is determined as of the date that the bankruptcy petition is filed.  State law provides the definition of property under 11 U.S.C. 541, the statutory predicate for the Trustee's Complaint.  There is clear and substantial authority of the Pennsylvania appellate courts that unresolved contingent fee cases and referral fees based thereon, that the Bankruptcy Court excoriated the Defendant and her counsel for not including in her schedule of assets and used as the basis for revoking her discharge, and which the Bankruptcy Court then awarded to the Trustee, are not her property.  Accordingly, the Bankruptcy Court exceeded its jurisdiction as did the Trustee in filing the Complaint.

The Trustee moved for summary judgment against the Defendant on the ground of collateral estoppel which, necessarily, puts at issue the sufficiency of the prior judgment on which the motion is based.  In this case, the prior judgment does not and cannot meet the requirements for collateral estoppel because, for the reasons set forth above, the Bankruptcy Court exceeded its jurisdiction when it entered judgment.  In addition, the elements of collateral estoppel are not met because the Defendant, the party against whom the bar is asserted, did not have a full and fair opportunity to litigate the issues in question.

As the Trustee conceded in his Brief in support of his motion for summary judgment, state law determines the existence and scope of the debtor's interest in a particular asset as of the commencement of the case.  Neither the Bankruptcy Court or the Trustee has ever identified any applicable law of the Commonwealth of Pennsylvania which supports the contention that the

unresolved contingent fee cases and referral fees based thereon were her property. Both the Bankruptcy Court and the Trustee violated their respective legal and ethical duties by attempting to deny the Defendant her right to be heard on this issue which goes to the heart of the bankruptcy court's jurisdiction and the trustee's authority to proceed in this matter.

The Bankruptcy Court, like all federal courts, are courts of limited jurisdiction. The Supreme Court of the United States has directed that it is the duty of all federal courts to consider the issue of its jurisdiction in every case even if the parties to the case do not raise the issue. The Bankruptcy Court's failure to consider and rule on Defendant's timely filed cross motion for summary judgment which demonstrates that the contingent fee cases and referral fees are not property of the estate, and thus establishes the court's lack of jurisdiction, is not only an improper "pocket veto" of the motion, but also a violation of its obligation to investigate and consider its jurisdiction over the matter. The Bankruptcy Court exceeded its statutory authority in making this ruling and in revoking the Defendant's discharge since both rulings were based on the erroneous conclusion that these cases and referral fees were property of the estate. Accordingly, the bankruptcy court did not have jurisdiction to enter these orders granting summary judgment in favor of the Trustee, or to revoke the Defendant's discharge.

## V.    ARGUMENT

### A.  The Bankruptcy Court Erred in Granting Summary Judgment

1.  _The Bankruptcy Court Has No Power Over Property That Is Not in the Estate

The Bankruptcy Court's judgment in this adversary, like the Trustee's Complaint and the Bankruptcy Court's judgment in the Zubras adversary upon which this judgment rests, is a house of cards with no legal foundation.  This is because the Bankruptcy Court failed to fulfill its independent duty to satisfy itself that it has subject matter jurisdiction over the pending matter before reaching the merits of the case.  Had it done so, it would have discovered that the contingent fee cases and referral fees based on those cases were not the property of the Defendant under applicable state law when she filed her petition.  Therefore, the Bankruptcy Court had no power to exercise authority over this property and to award the proceeds of these cases to the Trustee.

As a general rule, a bankruptcy court, like any other federal court, has an obligation to determine whether it has jurisdiction over a matter pending before it.  *In Re Mullarkey,* 563 F. 3d 215, 220 (3d Cir. 2008) ("As with all courts, courts in bankruptcy must satisfy themselves of subject matter jurisdiction").  Moreover, every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of lower courts in a cause under review even though the parties are prepared to concede it.  *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 95 (1998).  The touchstone of the bankruptcy court's power is the bankruptcy estate. *Celotex Corp. v. Edwards,* 514 U.S. 300, 308 (1995).  The bankruptcy court's jurisdiction does not extend to assets that are not part of the bankruptcy estate. See, *In Re Combustion Engineering, Inc.* 391 F. 3d 190, 230 (3d Cir. 2004).  (A more detailed discussion of this issue is found in Section C, *infra.*).

10

2.   The Definition of Property Is a Matter of State Law

The Supreme Court of the United States has made clear that the definition of property under 11 U.S.C. §541 (a) (1), (Property of the Estate), the statutory predicate of the Trustee's Complaint, is a matter of state law. *Butner v. United States,* 440 U.S. 48, 55 (1979).  The appellate courts of Pennsylvania have consistently held that contingent fee cases and referral fees based thereon are not property or assets of the attorney representing the claimant; an unresolved contingent fee case is not an asset of the attorney or the law practice from which it is derived. *Ignelzi v. Egg, Cordes, Murphy and Ignelzi, LLP,* 78 A. 3d 1111 (Pa. Super. 2013); *Lamparski v. Sikov, Lamparski & Woncheck, P.C.,* 559 A. 2d 544 (Pa. Super. 1989), *appeal denied,* 569 A. 2d 1368 (1990); *Beasley v. Beasley,* 518 A. 2d 545 (Pa. Super. 1986), *appeal denied,* 533 A. 2d 90 (1987).

The Trustee concedes in his motion for summary judgment that the property of the estate consists of "all legal and equitable interests of the Debtor in property as of the commencement of the case. 11 U.S.C. §542 (a)(1)." In *Butner, supra.*, the Supreme Court held that bankruptcy courts must look to state law to determine property interests in the assets of a bankruptcy estate because there is no federal "property law".  The Supreme Court reasoned "[p]roperty interests are created and defined by state law...Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Id. at* 55. *Cf. In Re Labrum & Doak, LLP,* 227 BR 391, 410 (Bankr. Court, E.D. Pa. 1998) ("Nevertheless the courts are obliged to look to state law to determine whether the debtor has any legal or equitable interest in property as of the commencement of the case..."). Thus the Trustee cannot be heard to argue that the contingent fee cases should be treated differently because the Appellant filed a bankruptcy petition.

11

3.   Under Pennsylvania Law the Fees Are Not Property of the Estate

In *Ignelzi,* 78 A. 3d at 1114, the Pennsylvania Superior Court described the parties' dispute as the plaintiff's demand for his share of any contingent fee cases that concluded after the dissolution of his law firm. His former partners argued that cases not resolved as of the date of the law firm's dissolution did not factor into his partnership interest. *Id.* Although the Court did not decide the issue because the parties had not had an opportunity to create a record on whether there was an agreement among the partners to account for post dissolution fees or if there was an agreement that the dissolution was to provide a "clean break" in which case there would not be any accounting for post-dissolution fees, the Court did outline the law in Pennsylvania on property rights in contingency fee cases and referral fees based on contingent fee cases. *Id.* at 1117.

In making its analysis in *Ignelzi* the Superior Court described two earlier cases which did not address a dispute between former law partners. In the first of these cases, *Lamparski, supra.,* a deceased lawyer's estate filed suit against the decedent's former law firm to determine the decedent's share in the law firm, a professional corporation. *Id.* at 116. At issue was the value of contingency fee cases that had been referred to another law firm for which the referring firm would receive a referral fee on settlement of the cases. The Superior Court described the *Lamparski* holding as: "The very nature of contingent fees is their uncertainty of return and consequently we believe that they have no place in the valuation of [the firm] as of [the date of the shareholder's death]. Thus, the Court in *Lamparski* held that the [lawyer's] estate did not include the value of unresolved contingent fee cases, as no value could be assigned to those cases prior to their resolution." *Id.* at 1116.

In *Ignelzi* the Superior Court also cited with approval a prior case that had arrived at the same conclusion, *Beasley, supra.* In *Beasley* the appellant wife argued that the husband's sole

12

proprietorship law firm was subject to valuation and inclusion in an equitable distribution of marital property. The Superior Court, as in *Lamparski* and *Ignelzi,* considered it impossible to estimate the value of pending contingency fee cases for equitable distribution: "In cases where there is a contingent fee arrangement, the value of work completed, or work done and the costs advanced, is absorbed by the sole proprietor and cannot be recouped until the case is completed… It is tenuous and risky to attempt to evaluate the likely return on contingent fees and as such, no value can be placed on them for purposes of equitable distribution." *Id.*

In *Lamparski* the Superior Court described the issue before it as "whether contingent fee cases referred to [another law firm] prior to the date of the decedent's death, should be included in the valuation of decedent's shares as of the date of his death when as of that date these cases had not been settled or reduced to judgment, and no fees had been collected by [the decedent's law firm]. We agree with the appraiser that *the fees were not net assets as of Sept. 3, 1984, the date of decedent's death,* and find they were properly excluded from the valuation." *Lamparski,*599 A. 2d at 498 (emphasis supplied). The *Lamparski* Court looked to the *Beasley* decision with approval, noting that "[o]ne issue the court in *Beasley* addressed was whether the contingent fee cases of the husband's legal practice, which were not yet settled or tried, had a present value so as to constitute assets of that legal practice" and in line with the reasoning and holding of *Beasley* concluded that "[t]he very nature of contingent fees is their uncertainty of return and consequently we believe they have no place in the valuation of [the decedent's] share of his prior law firm as of [the date of death]." *Id* at 499. The *Lamparski* Court referred with approval to another case, *DeMasi v. DeMasi,*530 A. 2d 871, *allocator denied,*539 A. 2d 811 (1987) in which the court had stated "before collection, no value can be assigned to the attorney's work as payment of the fee is uncertain". *Id.*

The precedents established by these cases is clear: under Pennsylvania law the lawyer has no property interest in unresolved contingency fee cases as of a date certain prior to their resolution, such as the date a bankruptcy petition is filed. Unresolved contingent fee cases or referral fees based on such cases are not the property or asset of the attorney handling the case; rather, a contingent fee case represents merely the unenforceable expectation of future income which may never come to pass. These cases establish that under Pennsylvania law contingent fee cases and referral fees based on contingent fee cases which are not resolved and which must be valued as of a date certain, as here, are not property of a lawyer's estate, be it a marital estate or a decedent's estate and, hence a bankruptcy estate; the lawyer had no property interest in the unresolved cases at a date certain prior to resolution because of the uncertainty of return. These cases are not treated differently because of the filing of a bankruptcy petition. *Butner, supra.*

It is undisputed that the contingent and referral fees sought by the Trustee in his Complaint and awarded to him by the Bankruptcy Court were unresolved on the date the petition was filed. ( App. 6). Consequently, these cases are not property of the Defendant, and the Trustee was not entitled to summary judgment in his favor.

Neither the Bankruptcy Court or the Trustee has ever come forward with any Pennsylvania state law to contradict the holdings of these cases or to support their position that these cases were the Defendant's property, or with any Pennsylvania state law that questions or contradicts the above stated authority that they are not. It was improper for the Trustee to assert he was entitled to recoupment without providing a factual or legal basis to establish that they were the Defendant's property, and a violation of the Bankruptcy Court's duty to determine its own jurisdiction to fail to consider this essential prerequisite to judgment in favor of the Trustee.

To the extent there is conflicting federal case law, this Court must look to the rulings of the

14

state courts. *Samuel-Basset v. KIA Motors America, Inc.,* 357 F. 3d 392, 400 (3rd Cir. 2004)

(district court rulings on Pennsylvania law are not authoritative and must yield to rulings of the

state Supreme Court or if none exist, consider decisions of the state's intermediate appellate

courts) (citation omitted). The Bankruptcy Court's reliance on federal cases from this and other

jurisdictions in the Zubras Opinion and in this case was wrong, as is the Trustee's reliance in his

motion for summary judgment.

    4.  Collateral Estoppel Does Not Apply

    The Trustee has the burden of demonstrating that the factors for collateral estoppel are met.

The application of collateral estoppel is inappropriate if any one element is not met. *Howard Hess*

*Dental Laboratories Inc. v Dentsply International, Inc.,* 602 F. 3d 237, 248 (3rd Cir. 2010). When

examining the preclusive effect of a prior federal court determination federal law principles of

collateral estoppel apply. *Doe v Hesketh,* 828 F. 3d 159, 171 (3rd Cir. 2016). Collateral estoppel is

appropriate where (1) the identical issue was decided in a prior adjudication; (2) there was a final

judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with

a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and

fair opportunity to litigate the issue(s) in question. *Id.* In addition, "[i]f issues are determined but

the judgment is not dependent upon the determination, re litigation of those issues is not

precluded. Such determinations have the characteristics of dicta and may not ordinarily be the

subject of an appeal by the party against whom they were made. In these circumstances, the

interest in providing an opportunity for a considered determination which if adverse may be the

subject of an appeal, outweighs the interest in avoiding the burden of litigation". *Howard Hess,*

602 F.3d at 248 (citation omitted).

    Here, collateral estoppel cannot and does not apply because the Bankruptcy Court, like the

Trustee, failed to inquire and establish an essential prerequisite to the judgment: that the contingent fee cases and referral fees based on such cases were, in fact, property of the estate over which the Bankruptcy Court could exercise jurisdiction and award to the Trustee. This issue was never decided in the Zubras adversary although it was raised by the Defendant in her post trial brief. (Zubras Dkt. 28). Accordingly, the first requirement for collateral estoppel is not met. Here, there is no way for either the Trustee or the Bankruptcy Court to demonstrate that the Zubras Opinion satisfies all the elements of collateral estoppel and thereby should be given preclusive effect.

The Third Circuit has explained the classic definition of obiter dicta as statements of law in an opinion which could not logically be a major premise of the selected facts of the decision, or expressions in a court's opinion which go beyond the facts before the court. *State Auto Property & Cas. Ins. Co. v Pro Design,* 566 F. 3d 86, 92 (3rd Cir. 2009) (the wording of a specific clause in the Sacketts' policy could not have been considered by the Court because it was never made part of the record).

Here the findings of fact and conclusions of law of the Zubras Opinion fall squarely within the Third Circuit's definition of obiter dicta and cannot, therefore, support the application of collateral estoppel. As the trial transcript of the Zubras adversary illustrates (reproduced at App. 5), the plaintiff failed to move any documents into evidence which could support the findings of fact or conclusion of law in the Zubras Opinion. *Id.* Nor did she attach them to the Joint Pretrial Statement. (See Exhibit 2 to Lally Declaration, App.5). The judgment of a court based on a document that was not admitted in evidence is insufficient to support collateral estoppel. *Basista v Weir,* 340 F. 2d 74, 82 (3rd Cir. 1965) (transcript of another proceeding which was essential to the claim never admitted in evidence); *Littlejohn v BIC,* 851 F 2d 673, 680 – 1, (3rd Cir. 1988) (court's

findings of fact affirmed based on specific exhibits that were admitted in evidence but a court's finding of fact based on an exhibit that was never admitted in evidence will be reversed). During the Zubras adversary trial there were no agreements or other evidence admitted which show what, if any, cases the Defendant was counsel when the petition was filed. There was no recital or statement of applicable Pennsylvania law which could support the court's conclusion that any cases or attorneys' fees could be considered as part of the estate. Where, as here, findings are clear dicta they cannot support the application of collateral estoppel. *Hawksbill Sea Turtle v Federal Emergency Management Agency,* 126 F. 3d 461, 465 (3rd Cir. 1997).

Collateral estoppel is also inapplicable here because the Defendant did not have a full and fair opportunity to litigate the issues in the Zubras adversary including those that the Trustee had to prove in this adversary.

It is established law that a pretrial order when entered limits the issues for trial and in substance takes the place of the pleadings covered by the pretrial order. Indeed, Judge Raslavich's statement of policies and procedures says exactly this. A joint pretrial order, once filed, supersedes the pleadings. *Basista v Weir,* 340 F. 2d at 85. In the Zubras adversary a joint pretrial order was filed as required by the Bankruptcy Court's rules. ( App.5). The joint pretrial order limited the Zubras adversary to one issue: determining whether the Zubras claim should be discharged or not. (Lally Declaration, Ex 2, p. 4, 5, App.5). However, in complete disregard of this established Third Circuit law and the Court's own rules, the Zubras court ignored the joint pretrial order. (Transcript, p.110, lines 13 – 18, App.5). By ignoring the limitations imposed by the Joint Pretrial Order the court's revocation of discharge ruling has no foundation and is, in accordance with the above stated authority, dicta. *State Auto Property, supra.* Moreover, in doing so, the Bankruptcy Court exceeded its jurisdiction by disposing of property that did not belong to

17

the bankruptcy estate. *In Re Combustion Engineering, supra.*. (See Section C, *infra.*).

It is also apparent that, under the circumstances, the Defendant never had any opportunity to prepare for or defend an entirely different proceeding or to present evidence on any facet of the revocation of her discharge. Therefore, there is no basis to conclude that one of the essential elements of collateral estoppel, a full and fair opportunity to litigate in the prior case the same issues, has been met. The issue of whether any cases are part of the estate was not fully and fairly litigated, and the Bankruptcy Court's holding to the contrary compounds this inequity and is an inadequate basis for collateral estoppel.

**B. The Bankruptcy Court Erred When It Failed to Consider the Cross Motion for Summary Judgment**

In her timely filed Motion for Summary Judgment Defendant reiterated her position that the contingent fee cases and referral fees based thereon were not property of the estate. The Bankruptcy Court's failure to consider and decide Defendant's Motion for Summary Judgment when it was filed is a violation of Canon 3 of the Code of Judicial Conduct for United States Judges. This Canon requires that, inter alia, "(2) a judge should hear and decide matters assigned...(4) A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law."

It is inconceivable that the Bankruptcy court was not aware that the definition of property in 11 U.S.C. 541 is determined by Pennsylvania state law and did not know or do research to determine what, if anything, the Pennsylvania appellate courts have said about the property right of an attorney in unresolved contingent fee cases and referral fees based on contingent fee cases. Canon 3 (A) (1) mandates that "a judge should be faithful to, and maintain professional competence in the law...". Nevertheless, that is apparently exactly what did not happen here, as never once in all its voluminous opinions did the Bankruptcy Court ever mention Pennsylvania

state law or the cases cited in this Brief.

Similarly, Rule 3.3(2) of the Pennsylvania Rules of Professional Conduct states that "a lawyer shall not knowingly: fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." The Trustee's repeated attempts to strike the Defendant's Motion for Summary Judgment from the record and to prevent her from being heard on these issues as detailed in the Statement of the Case above is, in light of this obligation, highly suspect.

### C. The Bankruptcy Court Exceeded Its Authority Throughout These Proceedings

As stated above, bankruptcy courts, like all federal courts, are courts of limited jurisdiction. The district courts have original and exclusive jurisdiction of all cases filed under title 11. 28 U.S.C. 1334 (a). The United States Bankruptcy Code is codified as 11 U.S.C. 101 et. Seq. (the "Code"). Under 28 U.S.C. 157 (a) each district court may provide that any and all cases filed under the Code be referred to bankruptcy judges for the district as is done here.

The district courts, and bankruptcy courts when cases filed under the Code are referred to bankruptcy judges, have "original jurisdiction but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. 1334 (b). The phrase "arising under title 11" describes "those proceedings that involve a cause of action created or determined by a statutory provision of title 11 [the Code] and "arising in" proceedings are "those that, by their very nature, could arise only in bankruptcy cases". *Michigan Employment Security Commission v Wolverine Radio Co., Inc.*, 930 F. 2d 1132, 1144 (6th Cir. 1991).

Here, the question is whether the bankruptcy court had the statutory authority under 28 U.S.C. 157 (b) (2) (E ) to issue a final judgment ordering the return of property (the fees from

contingent fee cases and referral fees based on contingent fee cases) that were not the property of the bankruptcy estate under 11 U.S.C. 541 which defines property in accordance with state law. As set forth above, the Bankruptcy Court did not. The Bankruptcy Court violated its duty to inquire and establish its jurisdiction and then exceeded its statutory authority in entering judgment against the Defendant in this adversary, and similarly in revoking her discharge following the Zubras adversary. The Bankruptcy Court's disregard of the limitations of its power is further evidenced by its entering an order denying the Defendant's Motion for Summary Judgment on July 12, 2017, long after this appeal was pending which deprived the court of its jurisdiction. (Adv. Dkt. 47 which notes "hearing held...Objection filed. Motion moot."). It is a fundamental tenet of federal civil procedure that, subject to certain defined exceptions that are not applicable here, the filing of a notice of appeal from the final judgment of a trial court divests the trial court of jurisdiction and confers jurisdiction upon the appellate court. *Griggs v Provident Consumer Co.,*459 U.S. 56,58 (1982). This rule applies with equal force to bankruptcy cases. *In Re Transtexas Gas Corp.,*303 F.3d 571, 579 (5th Cir. 2002).

The objection that a federal court lacks subject matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment. *Arbaugh v Y & H Corp.,*46 U.S. 500, 506 (2006). Here this proceeding, the initial bankruptcy case, is still open. (Bkr. Dkt.).

Assuming, arguendo, that this request could be considered a collateral attack which it is not because this Bankruptcy case is still ongoing, a party can collaterally attack a judgment like the Bankruptcy court's revocation of discharge for lack of jurisdiction in accordance with Fed. R. Civ. P. 60 (b) (4), applicable to the bankruptcy courts pursuant to F.R.B.P. 9024. *United States v Tittjung,* 235 F. 3d 330, 335 (7th Cir. 2000) (citing *Ins. Corp. of Ireland, Ltd. v Compagnie des*

20

*Bauxites de Guinee,* 456 U.S. 694, 702 n.9 (1982)).  Under Rule 60 (b) (4) a court will only allow a collateral attack when the jurisdictional error was "egregious", as here: "the error must involve a clear usurpation of judicial power, where the court wrongfully extends its jurisdiction beyond the scope of its authority." *Id.*  As set forth above, the Bankruptcy Court here wrongfully extended its jurisdiction beyond the scope of its statutory authority in revoking the defendant's discharge based on its misguided opinion, which contradicts settled Pennsylvania state law, that the contingent fee cases and referral fees based on contingent fee cases are the property of the bankruptcy estate or the Defendant's property.  It also did so when it entered summary judgment against the Defendant on the Trustee's Complaint here.

21

## VI.    CONCLUSION

For each of the reasons stated herein, the Appellant respectfully requests that this Court reverse the bankruptcy court's order granting the Trustee's motion for summary judgment against the Appellant in the amount of $54, 510.47; order that the Appellant's discharge be reinstated because the Appellant has demonstrated that the Bankruptcy court exceeded its jurisdiction and statutory authority by revoking her discharge; and grant whatever further relief this Court deems just and proper.

**LAW OFFICES OF DOUGLAS R. LALLY**

Douglas R. Lally, Esquire
261 Old York Road, Suite 524
Jenkintown, PA 19046
Tel. 215-886-6350
Facsimile: (215) 754-4959
Email: drlally@hotmail.com

*Counsel to Defendant/Appellant*

Official Form 417C (12/15)

*[This certification must be appended to your brief if the length of your brief is calculated by maximum number of words or lines of text rather than number of pages.]*

## Certificate of Compliance With Rule 8015(a)(7)(B) or 8016(d)(2)

This brief complies with the type-volume limitation of Rule 8015(a)(7)(B) or 8016(d)(2) because:

**X**   this brief contains [*state the number of*] **6,704** words, excluding the parts of the brief exempted by Rule 8015(a)(7)(B)(iii) or 8016(d)(2)(D), or

☐   this brief uses a monospaced typeface having no more than 10½ characters per inch and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Rule 8015(a)(7)(B)(iii) or 8016(d)(2)(D).

Signature _____          Date: __7/27/17_____

Print name of person signing certificate of compliance:

_Douglas R. Lally, Esquire_