**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANN MILLER,** | ) | **CIVIL ACTION NO. 17-2895** |
| | ) | |
| **Appellant,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GARY F. SEITZ,** | ) | |
| **Appellee.** | ) | |

**BRIEF OF APPELLEE, GARY F. SEITZ, CHAPTER 7 TRUSTEE OF THE
ESTATE OF ANN MILLER**

Gary F. Seitz & Holly E. Smith
GELLERT SCALI BUSENKELL & BROWN LLC
The Curtis Center
601 Walnut Street, Suite 750 West
Philadelphia, PA 19106
Telephone: (215) 238-0010
Facsimile: (215) 238-0016
Counsel to Appellee

# TABLE OF CONTENTS

I.  JURISDICTION ...................................................................................................... 1

II.  STATEMENT OF THE ISSUES.......................................................................... 1

  a.  The Bankruptcy Court appropriately applied the doctrine of collateral estoppel when it granted the Trustee's motion for summary judgment................................................................ 1

  b.  The Appellant's later filed motion for summary judgment was mooted by the order and decision granting the Trustee's earlier filed motion for summary judgment............................. 1

  c.  The Bankruptcy Court adequately and properly addressed its jurisdiction to adjudicate the Trustee's adversary complaint and motion for summary judgment. ......................................... 1

III.  STATEMENT OF THE CASE ............................................................................. 1

IV.  ARGUMENT ......................................................................................................... 7

  a.  The Final December 8, 2016 Order Established the Debtor's Liability to the Estate, thus, the Bankruptcy Court Properly Utilized the Doctrine of Collateral Estoppel to Grant Judgment in Favor of the Trustee ................................................................................................................ 7

  b.  The Appellant's Later Filed Motion for Summary Judgment Was Mooted by The Order and Decision Granting the Trustee's Earlier Filed Motion For Summary Judgment and The Issues Raised by The Debtor's Motion Have Been Waived .................................................... 10

  c.  The Bankruptcy Court Adequately and Properly Addressed Its Jurisdiction to Adjudicate the Trustee's Adversary Complaint and the Zubras Matter...................................................... 11

  d.  The Debtor's Appeal Improperly Seeks Relief from the Bankruptcy Court's December 8, 2016 Order. ............................................................................................................................... 14

V.  CONCLUSION .................................................................................................... 15

VI.  APPENDIX .......................................................................................................... 16

# TABLE OF AUTHORITIES

Cases

All American Laundry Service v. Ascher (In re Ascher),
   128 B.R. 639,643 (Bankr.N.D.Ill. 1991) ............................................................. 14
Beard v. Braunstein,
   914 F.2d 434, 444 (3d Cir.1990)........................................................................ 15
Buncher Co. v. Official Comm. of Unsecured Creditors of Genfarm Ltd. P'ship IV, 229 F.3d
   245,
   253 (3d Cir. 2000)............................................................................................ 11
Butner v. United States,
   440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).......................................... 7
Continental Casualty Co. v. Diversified Indus.,
   884 F. Supp. 937, 948-949 (E.D. Pa. 1995).......................................................... 9
Faust v. Deutsche Bank Nat'l Trust Co. (In re Faust),
   353 B.R. 94, 104, 2006 Bankr. LEXIS 2523, *19 (Bankr. E.D. Pa. 2006) ............... 10
Grant-Covert v. Wells Fargo Bank, N.A.,
   2016 U.S. Dist. LEXIS 30233, *7-8, 2016 WL 901081 (D.N.J. 2016)..................... 11
In re Avery,
   947 F.2d at 774. Section 541(a) .......................................................................... 8
In re Bagen,
   186 B.R. 824, 829 Bankr.S.D.N.Y.1995) ............................................................. 8
In re Carlson,
   263 F.3d 748, 750 (7th Cir.2001)(Posner, J.) .................................................... 7, 8
In re Labrum & Doak, 227 B.R. 391,
   411 (Bankr. E.D. Pa. 1998)................................................................................. 9
In re Natale,
   280 F. App'x 227, 231 (3d Cir. 2008) ................................................................. 11
In re Resorts Int'l, Inc.,
   372 F .3d 154, 162 (3d Cir. 2004)...................................................................... 13
In re Scotchel, 491 B.R. 739, 743-44 (Bankr. N.D.W.V. 2013)...................................... 8
In re Yonikus,
   996 F.2d 866, 869 (7th Cir.1993) ....................................................................... 7
Jess v. Carey  (In re Jess),
   169 F.3d 1204, 1207 (9th Cir.1999) .................................................................... 7
Knopfler v. Schraiber (In re Schraiber),
   97 B.R. 937, 939-40 (Bankr.N.D. Ill. 1989) ....................................................... 14
Majestic Star Casino, LLC v. Barden Dev., Inc. (In re Majestic Star Casino, LLC),
   716 F.3d 736, 746 (3d Cir. 2013)....................................................................... 11
Matter of Wood,
   825 F.2d 90 (5th Cir. 1987) .............................................................................. 15
McCarthy, Johnson & Miller v. N. Bay Plumbing, Inc.
   (In re Pettit), 217 F.3d 1072, 1078 (9th Cir.2000).............................................. 7
Pension Benefit Guaranty Corp. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.),
   138 B.R. 442, 445 (D.Del. 1992)....................................................................... 14

Saunders v. United States (In re Saunders),
 243 B.R. 847, 849 (Bankr. S.D. Fla. 1999) ............................................ 13
Schroeder v. New Century Holdings, Inc. (In re New Century Holdings, Inc.),
 387 B.R. 95, 105 (Bankr.D.Del. 2008) ................................................ 14
Tishgart v. Hoffman (In re Tishgart),
 No. 09–13400, 2012 WL 5489034, at *8 (9th Cir. BAP Nov. 13, 2012) ................................ 8
Watts v. Williams,
 154 B.R. 56, 58 (S.D.Tex.1993) .......................................................... 8
Zubras v. Miller,
 Adv. No. 15-00231-sr ..................................................................... 2

Statutes
11 U.S.C. § 541(a)(1) ........................................................................... 7
28 U.S.C. § 1334 .............................................................................. 11
28 U.S.C. § 157(a) ............................................................................ 12
28 U.S.C. § 157(b)(1) ......................................................................... 13
28 U.S.C. § 157(b)(2)(E) ...................................................................... 14
28 U.S.C. § 158 ............................................................................... 13
28 U.S.C. § 158(a) ............................................................................. 1
28 U.S.C. §157(b)(2(E) ....................................................................... 13
Bankruptcy Code§ 54 ........................................................................ 12

Other Authorities
H.R.Rep. No. 595, 95th Cong., 1st Sess. 175–76 (1977) ............................................ 7

## I.     JURISDICTION

This Court has jurisdiction over the instant appeal of the Bankruptcy Court's Order entered on June 21, 2017 pursuant to 28 U.S.C. § 158(a).

## II.     STATEMENT OF THE ISSUES

      **a.   The Bankruptcy Court appropriately applied the doctrine of collateral estoppel when it granted the Trustee's motion for summary judgment.**

      **b.   The Appellant's later filed motion for summary judgment was mooted by the order and decision granting the Trustee's earlier filed motion for summary judgment.**

      **c.   The Bankruptcy Court adequately and properly addressed its jurisdiction to adjudicate the Trustee's adversary complaint and motion for summary judgment.**

## III.     STATEMENT OF THE CASE

Gary F. Seitz, Esquire, Chapter 7 Trustee for the Estate of Ann Miller (the "Trustee" or "Appellee") commenced an adversary proceeding on December 16, 2016 in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") by filing a complaint (the "Complaint") asserting a cause of action for turnover of property of the bankruptcy estate against Ann Miller, the debtor (the "Debtor" or "Appellant").

The adversary proceeding arose out of the Debtor's legal interest in certain contingent fee and/or referral fee contracts which are property of her bankruptcy estate. Specifically, the Bankruptcy Court's December 8, 2016 decision and factual findings denying the Debtor's

discharge established that the Debtor received the following fees, all of which constitute property of the bankruptcy estate (the "Property"):

|   |   |   |
|---|---|---|
| a. | Imprelis Referral Fee: | $23,423.00 |
| b. | Imprelis Referral Fee: | $9,916.47 |
| c. | Kia contingency fee: | $21,171.00 |
|   | TOTAL: | $54,510.47 |

On December 8, 2016, the Bankruptcy Court entered an Order revoking the Debtor's discharge. On the same date, the Bankruptcy Court issued a 56-page opinion (the "Opinion") in an adversary commenced against the Debtor by one of her pre-petition creditors, captioned *Zubras v. Miller*, Adv. No. 15-00231-sr (the "Zubras Adversary"). *See* App. 11.  In the Opinion, the Court, among other things, confirmed the Trustee's assertions that the Debtor had an interest in the Property as of the Petition Date and that the Property was property of the estate. As such, all facts material to the Trustee's cause of action had been adjudicated in the Zubras Adversary and were resolved by the Bankruptcy Court pursuant to its December 8, 2016 Order and Opinion. The Debtor did not move for reconsideration of the December 8, 2016 Order, nor did the Debtor appeal the December 8, 2016 Order. Thus, on December 23, 2016, the December 8, 2016 order became a final, non-appealable order, inclusive of all facts and findings incorporated therein.

The Bankruptcy Court docket (*See* App.1) establishes the following undisputed facts:

1.    The Chapter 7 Bankruptcy case was filed on June 23, 2012. *See* D.I. 1.

2.    On June 25, 2012, Gary F. Seitz was appointed Chapter 7 Trustee. *See* D.I. 9.

3.    The § 341(a) Meeting of Creditors was held and concluded on August 1, 2012.

4.      The Chapter 7 Trustee filed a Report of No Assets on August 1, 2012. *See* D.I. 28.

5.      A Discharge Order was entered on October 12, 2012. *See* D.I. 36.

6.      An Order approving the Trustee's Report, Discharging the Trustee, and Closing the Case was entered on January 2, 2014. *See* D.I. 44.

7.      On March 4, 2015, Joan Zubras filed a Motion to Reopen the Bankruptcy case. *See* D.I. 46.

8.      On May 14, 2015, the Court entered an Order reopening the Debtor's 2012 bankruptcy case. *See* D.I. 54.

9.      On June 11, 2015, the Trustee was reappointed. *See* D.I. 58.

In addition to the foregoing, the Bankruptcy Court made the following findings of fact in its Opinion (*See* App. 11):

10.     The Debtor is an attorney. Opinion, p. 2.

11.     At the time that the Debtor filed her case she had been a member of the Bar of the Commonwealth of Pennsylvania for over 35 years. *Id*.

12.     Her practice at the time included, to some extent, the representation of Plaintiffs in class action litigations. Id.

13.     Her usual and customary rate for such work was $650 per hour. Id.

14.     At the time of her bankruptcy filing the Debtor was class co-counsel in six pending cases. Opinion, p. 41.

15.     As of July 19, 2012, the Debtor was notified that she would be receiving her share of a fee from a class action case (KIA) in the amount of $21,171. *Id*., p. 39.

16.     The Debtor received two separate payments from her representation in the Imprelis case. The first being a payment of $9,916.47 (Tr.21:9), and the second being a payment of $23,423. *Id*., p. 40.

In light of the foregoing undisputed facts, the Trustee filed a Motion for Summary Judgment.

The Debtor filed a 79-page objection to the Trustee's Motion for Summary Judgment, arguing that the Trustee's motion was premature because discovery had not yet taken place and, as such, it had not been determined which of the fees due to the Debtor were on account of pre-petition services (which would render them property of the estate). *See* App.5. An excerpt from the Debtor's response is below:

> In the nearly two page, single spaced recitation of portions of the Zubras Opinion relied on by the Trustee to support the motion for summary judgment it is clear that the Trustee is only entitled, at most, to seek "fees attributable to prepetition legal services rendered under a contingent fee contract", "[t}ose portions of [ a debtor's] contingent attorney's fees which may be paid postpetition, but were nevertheless earned and rooted in his prepetition past" and "the work already done on open cases … at the time of the filing of the petition".  As the trial transcript makes clear, these valuation issues were never presented to the court, there was no opportunity for the Debtor to present evidence and, therefore, there is no identity of issues between the Zubras adversary and Opinion and this case, and there was no full and fair opportunity to litigate the issues.

*See* App. 5, p. 7.

A hearing on the Trustee's Motion for Summary Judgment was held before the Honorable Stephen Raslavich on June 21, 2017. At the hearing, Debtor's attorney ("Attorney Lally") stated as follows:

> Obviously, we oppose the motion for summary judgement. We believe it's premature. If you look at the trustee's motion in the introduction, the second sentence says, "This adversary proceeding arises out of the debtor's legal interests in certain contingent fee, and or referral contracts, under which the value of the debtor's pre-petition services is property of her bankruptcy estate." They're alleging 100% of the value of these cases, when in their introduction they admit there's only the value of the pre-petition services is property of the bankruptcy estate, and there's no evidence as to which -- how much of the alleged portions of each of those cases is the -- represents the value of the pre-petition services of the property of the estate.
>
> For the reasons we stated in our memorandum, we believe that collateral estoppel does not -- something the trustee can use under these circumstances, but I believe that if that if that argument is to be made it probably should be made in the future because right now there is no evidence as to value of the pre-petition services.
>
> The trustee should engage in discovery, find out the time records, depose the debtor, find out what the value is, and then present that to the court and if they wish to rely on collateral estoppel at that point they could do so but we believe that collateral estoppel at this point is inappropriate and will be inappropriate in the future, and we'll make the same argument when they come again before you but right now there isn't even sufficient evidence as to the value of the pre-petition services for the bankruptcy estate. Thank you, Your Honor.

*See* App. 12, 4/16-5/18.

Attorney Lally confirmed his position in response to Judge Raslavich as follows:

> THE COURT: So -- but obviously, based on your defense, this defense that you've interposed, am I to understand that she told you that some percentage of these fees that we're talking about here pertain to legal services that she performed on those cases -- one, two, or three, maybe all of them? That some percentage of the legal services relate to a period of time after she filed her bankruptcy petition?
>
> MR. LALLY: Yes.

Attorney Lally's argument in opposition to the entry of summary judgment was the equivalent to an assessment of damages claim – namely, the Trustee was alleging he is due fees on account of pre-petition services but – according to the Debtor - the record did not show which services were pre-petition. In fact, Attorney Lally went as far as to concede that in one instance – the Kia case – 99.9% of those fees were on account of pre-petition services and thus would constitute property of the estate:

> MR. LALLY: Well, I -- you know, I'm -- you could make a finding then based on the facts when the trustee makes a subsequent motion or if the trial is to -- that this act is not a sufficient one, but she certainly had to do something subsequent to the filing of the petition. Whether those services have any value to the court I cannot say, but though she's -- and I'm certainly going to agree with you that 99% --there will be no argument for less than 99% of the Kia case, but there is -- there's a logical argument for some percentage, a minuscule percentage of the Kia case being post-petition.

*See* App. 12. 11/21-12/6.

However, no evidence was provided by the Debtor, as was her obligation as the nonmoving party to establish the fractional one percent in dispute.  The Bankruptcy Court took the Trustee's Motion for Summary Judgment, and the Debtor's objection thereto, under advisement. On June 21, 2017, the Bankruptcy Court entered an order granting the Trustee's Motion for Summary Judgment (the "June 21, 2017 Order"). Thereafter, the Debtor filed the instant appeal.

Despite the limited issues raised by the Debtor in response to the Trustee's Motion for Summary Judgment; namely, an assessment of damages argument - the issues raised by the Debtor in this appeal go far beyond those issues raised below.

In her 30-page brief, the Debtor alleges (1) that the Bankruptcy Court erred in granting summary judgment on the basis of collateral estoppel; (2) that the Bankruptcy Court erred when it failed to consider and rule on Appellant's motion for summary judgment – a motion that was

filed after the Trustee's dispositive motion had been fully briefed and argued; and (3) whether

the Bankruptcy Court erred "when it failed to address and consider whether it had jurisdiction to

adjudicate the Trustee's adversary complaint".

## IV.   ARGUMENT

### a.   The Final December 8, 2016 Order Established the Debtor's Liability to the Estate, thus, the Bankruptcy Court Properly Utilized the Doctrine of Collateral Estoppel to Grant Judgment in Favor of the Trustee

The Bankruptcy Court properly utilized the doctrine of collateral estoppel when it granted

the Trustee's Motion for Summary Judgment.

The Bankruptcy Court noted in its December 8, 2016 Opinion the following:

> The filing of a Chapter 7 petition creates a bankruptcy estate. 11
> U.S.C. § 541(a)(1). Property of the estate includes "all legal or
> equitable interests ... in property" held by the debtor "as of
> commencement of the case." *Id*. The phrase "legal or equitable
> interests" in property is broadly interpreted to include "every
> conceivable interest of the debtor, future, nonpossessory,
> contingent, speculative, and derivative." *In re Yonikus*, 996 F.2d
> 866, 869 (7th Cir.1993) (citation omitted). While § 541(a) provides
> what interests of the debtor become property of the estate, state law
> determines the existence and scope of the debtor's interest in a
> particular asset as of commencement of the case. *Butner v. United
> States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)
> ("Property interests are created and defined by state law.");
> *McCarthy, Johnson & Miller v. N. Bay Plumbing, Inc.* (In re
> Pettit), 217 F.3d 1072, 1078 (9th Cir.2000) .
>
> Attorney-debtors have an interest in fees attributable to prepetition
> legal services rendered under a contingent fee contract even if the
> contingency occurs after the filing of their bankruptcy petition.
> E.g., *In re Carlson*, 263 F.3d 748, 750 (7th Cir.2001)(Posner, J.);
> *Jess v. Carey*  (In re Jess), 169 F.3d 1204, 1207 (9th Cir.1999); *In
> re Avery*, 947 F.2d at 774. Section 541(a) is written broadly to
> include "contingent future payments that were subject to a
> condition precedent on the date of bankruptcy." *In re Bagen*, 186
> B.R. 824, 829 Bankr.S.D.N.Y.1995) (citing *744 H.R.Rep. No.
> 595, 95th Cong., 1st Sess. 175–76 (1977), aff'd, 201 B.R. 642
> (S.D.N.Y.1996).  The fundamental question is whether the debtor-
> attorney had any legal or equitable interest in the potential
> contingent fee at the time of petition. §541(a). As Judge Posner
> noted in In re Carlson, a debtor-attorney has a "legally enforceable
> interest in a potential contingent fee ...[because] if the client
> terminates his employment before judgment or settlement ... and so
> before the lawyer receives any fee, he is entitled to the fair value of

the services that he performed up to the termination." 263 F.3d at 750 (citations omitted). Although he was applying Illinois law, Judge Posner employed an important hypothetical legal fiction: Whether the contingent-fee attorney would be entitled to any compensation for services rendered if he were terminated before the contingent event occurs. If so, the fee attributable to those "pre-termination" legal services is property of the estate. *Id.* at 750. Many other courts also analogize the bankruptcy petition date as a hypothetical termination date. See, e.g., *In re Avery*, 947 F.2d at 774; *Tishgart v. Hoffman* (In re Tishgart), No. 09–13400, 2012 WL 5489034, at *8 (9th Cir. BAP Nov. 13, 2012). *In re Scotchel*, 491 B.R. 739, 743-44 (Bankr. N.D.W.V. 2013).

*** 

Those portions of [a debtor's] contingent attorney's fees which may be paid postpetition, but were nevertheless earned and rooted in his prepetition past, should be includable in his bankruptcy estate. *In re Bagen*, 186 B.R. 824, 829 (Bankr. S.D.N.Y. 1995), aff'd, 201 B.R. 642, 643–44 (S.D.N.Y.1996) ("Under the new Bankruptcy Code, Congress intended property of the estate to include ... [the] debtor's contingent contract right to future payments"). [T]he value of [a debtor's] services rendered pre-petition on his contingent fee contracts is property of the bankruptcy estate. *Watts v. Williams*, 154 B.R. 56, 58 (S.D.Tex.1993).

As these decisions illustrate, "[t]he Bankruptcy Code intends to recognize economic realities, and the economic realities are that the work already done on open cases had an economic value at the time of the filing of the petition, notwithstanding that collection of the fee could be subject to defeasance for a vast number of reasons, including neglect to complete the work, discharge for cause, or just losing at trial." Bagen, supra, 201 B.R. at 644. *In re Labrum & Doak*, 227 B.R. 391, 411 (Bankr. E.D. Pa. 1998).

*See* App. 11, pp. 33-34

The foregoing holding of the Bankruptcy Court is the law of the case. The law of the case doctrine was developed "to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." The doctrine dictates that "when a court decides upon a rule of law, that rule should continue to govern the same issues in subsequent stages in the litigation." Law of the case rules apply "both to issues expressly decided by a court in prior rulings and to issues decided by necessary implication." *Continental Casualty Co. v. Diversified Indus.*, 884 F. Supp. 937, 948-949 (E.D. Pa. 1995)(citations omitted).

As set forth in the Bankruptcy Court's December 8, 2016 Opinion, the Debtor's interest in contingency fee and referral fee contracts constitutes property of the estate for purposes of the Debtor's bankruptcy case. Thus, when it came time to make a determination on the Trustee's claim to turnover property of the estate, the Bankruptcy Court properly concluded that those funds are to be turned over to the Trustee. This issue had been fully litigated by the Debtor in the underlying litigation with Zubras and, as such, the Court appropriately employed the doctrine of collateral estoppel when granting the Trustee's Motion for Summary Judgment.

Under the doctrine of collateral estoppel, the Court's holding that the Property is property of the estate is final and not subject to re-litigation. Collateral estoppel, or issue preclusion, prevents the re-litigation of issues that have been decided in a previous action. *Faust v. Deutsche Bank Nat'l Trust Co.* (*In re Faust*), 353 B.R. 94, 104, 2006 Bankr. LEXIS 2523, *19 (Bankr. E.D. Pa. 2006). The principle is based on the policy that "a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise." *Id*. "The general rule is that issue preclusion applies if the following four factors are met: (1) the issue sought to be precluded is the same as that involved in the prior action; (2) the issue was actually litigated; (3) there was a valid and final judgment; and (4) the determination was essential to the prior judgment." *Id*.

Here, the issue at the heart of the Trustee's claims (i.e., whether the Property is property of the estate) had already been decided by the Bankruptcy Court in its Opinion. The issue was heavily litigated before the Bankruptcy Court at the trial held in the Zubras Adversary on August 31, 2016. A final judgment on the merits was entered by the Bankruptcy Court, and the Debtor did not appeal the Bankruptcy Court's decision. Finally, the determination made by the Bankruptcy Court was essential to the judgment in the Zubras Adversary inasmuch as it went to

the Debtor's failure to disclose and her propensity not to be truthful and forthcoming; findings that led to the Bankruptcy Court's revocation of the Debtor's discharge. The Trustee as thus entitled to judgment as a matter of law. Therefore, the Debtor's appeal should be dismissed, and the Bankruptcy Court's June 21, 2017 should be affirmed.

### b. The Appellant's Later Filed Motion for Summary Judgment Was Mooted by The Order and Decision Granting the Trustee's Earlier Filed Motion For Summary Judgment and The Issues Raised by The Debtor's Motion Have Been Waived

Long standing principles dictate that arguments not raised in the court below are waived on appeal. *Majestic Star Casino, LLC v. Barden Dev., Inc.* (*In re Majestic Star Casino, LLC*), 716 F.3d 736, 746 (3d Cir. 2013); *see also Buncher Co. v. Official Comm. of Unsecured Creditors of Genfarm Ltd. P'ship IV*, 229 F.3d 245, 253 (3d Cir. 2000) (affirming district court's determination that an issue was waived on appeal where party did not raise issue before the bankruptcy court); *In re Natale*, 280 F. App'x 227, 231 (3d Cir. 2008)(arguments not raised before the bankruptcy court are waived on appeal); *Grant-Covert v. Wells Fargo Bank, N.A.*, 2016 U.S. Dist. LEXIS 30233, *7-8, 2016 WL 901081 (D.N.J. 2016).

Other than the issue of assessment of damages – the sole issue raised by the Debtor in response to the Trustee's Motion for Summary Judgment – an issue which, ironically, was not raised in this appeal – the issues raised by the Debtor in this appeal have been waived and are not part of the record before this Court. These issues were raised by the Debtor in her Motion for Summary Judgment, filed forty-six (46) days after the Trustee filed his Motion for Summary Judgment, thirty-one (31) days after the Debtor filed her response to the Trustee's Motion for Summary Judgment and five (5) days after the hearing on the Trustee's Motion for Summary Judgment at which time the court took the fully briefed and argued motion under advisement.

The Debtor's Motion was placed on a separate track from the Trustee's Motion for Summary Judgment and, in fact, the Motion was still pending when the Debtor filed the instant appeal. To be sure, the Debtor's Motion was denied as moot on July 12, 2017 – seventeen (17) days after the Debtor filed her Notice of Appeal. Debtor could have sought to appeal the denial of that motion on or before August 11, 2017, and all issues raised therein could have been brought before this Court. She chose not to do so. Those arguments are waived and must be stricken. Therefore, the order granting the Trustee's Motion for Summary Judgment must be affirmed.

### c. The Bankruptcy Court Adequately and Properly Addressed Its Jurisdiction to Adjudicate the Trustee's Adversary Complaint and the Zubras Matter.

Appellant's assertion that the Court lacks subject matter jurisdiction over non-estate property is incorrect as a matter of law. A bankruptcy court obtains its jurisdiction through the district court as set forth in 28 U.S.C. § 1334, which provides, in relevant part, as follows:

(b) . . . the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

***

(e) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction –

(1) of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate.

28 U.S.C. § 1328(a), (e)(1) (emphasis added). *See Saunders v. United States* (In re Saunders), 243 B.R. 847, 849 (Bankr. S.D. Fla. 1999) (holding that bankruptcy court had jurisdiction to determine whether IRS had lien on debtor's account that was not property of the estate).

The district courts are authorized to refer bankruptcy cases and proceedings to the bankruptcy judges for their district. 28 U.S.C. § 157(a). The United States District Court for the Eastern District of Pennsylvania has effected such a referral.  Bankruptcy Court jurisdiction, therefore, extends potentially to four categories of title 11 matters:

    (1) cases under title 11;

    (2) proceedings under title 11;

    (3) proceedings arising in a case under title 11; and

    (4) proceedings related to a case under title 11.

*In re Resorts Int'l, Inc.*, 372 F .3d 154, 162 (3d Cir. 2004).  The first three categories of title 11 matters are known as "core" bankruptcy matters. *Id*. The fourth category of title 11 matters is known as "non-core" bankruptcy matters. *Id*.

The Trustee's summary judgment motion required a determination of whether certain contingency referral fee matters being handled by the Debtor belong to or are property of the Debtor's bankruptcy estate.  Various courts have concluded that matters requiring a declaration of whether certain property comes within the definition of "property of the estate" as set forth in Bankruptcy Code§ 541 are core proceedings. Schroeder v. New Century Holdings, Inc. (In re New Century Holdings, Inc.), 387 B.R. 95, 105 (Bankr.D.Del. 2008) citing *Pension Benefit Guaranty Corp. v. Continental Airlines, Inc.* (*In re Continental Airlines, Inc*.), 138 B.R. 442, 445 (D.Del. 1992) (A determination regarding property of the estate is a core proceeding); *All American Laundry Service v. Ascher* (In re Ascher), 128 B.R. 639,643 (Bankr.N.D.Ill. 1991)

(When a debtor and its creditors claim interests in property asserted to be part of the estate, the bankruptcy court has core jurisdiction to adjudicate all of those interests); *Knopfler v. Schraiber* (In re Schraiber), 97 B.R. 937, 939-40 (Bankr.N.D. Ill. 1989) (Bankruptcy court has core jurisdiction to determine what is estate property and can apply state law or any other relevant authority in making such a determination.) *See also Reliance Group Holdings*, 273 B.R. at 394-95 (A proceeding to determine whether certain property rights are "property of the estate" under Bankruptcy Code §541 is a core proceeding, even if the determination rests upon interpretation of state law.)

With respect to the decision on appeal here, footnote one at the bottom of page one of the Bankruptcy Court's decision granting summary judgment, the Court stated: "Because these matters involve an order to turn over property of the estate, it is within the Court's "core" jurisdiction.  *See*, 28 U.S.C. §157(b)(2)(E) (including among core proceedings such causes of action)". Despite the meticulous care in which the Bankruptcy Court set forth its authority to decide the issues raised by the Trustee's motion for summary judgment with respect to a complaint filed against a debtor for turnover of property of the bankruptcy estate, the Appellant wrongly challenges not only the Court's authority to determine the Trustee's cause of action but the previously decided adversary she litigated with Ms. Zubras and the very bankruptcy case itself.

Under 28 U.S.C. § 157(b)(1), "[b]ankruptcy judges may hear and determine all cases under Title 11 and all core proceedings arising under Title 11, or arising in a case under Title 11." The bankruptcy judge's authority to decide all matters is subject to appellate review by the district court under 28 U.S.C. § 158.  The Court of Appeals for the Third Circuit has stated: "`a proceeding is core under section 157 if it invokes a substantive right provided by [T]itle 11 or if

it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'" *Beard v. Braunstein*, 914 F.2d 434, 444 (3d Cir.1990) (quoting Matter of Wood, 825 F.2d 90 (5th Cir. 1987). In addition, 28 U.S.C. § 157 provides a non-exclusive list of core proceedings, such as "matters concerning the administration of the estate," "orders to turn over property of the estate," "proceedings to determine, avoid, or recover preferences," "proceedings to determine, avoid, or recover fraudulent conveyances," "determinations of the validity, extent, or priority of liens," and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor ... relationship."  Therefore, "core" matters expressly include "orders to turn over property of the estate."  In sum, a turnover action by a trustee with respect to estate property is a core proceeding, and the jurisdictional statute that governs bankruptcy proceedings expressly so provides. 28 U.S.C. § 157(b)(2)(E).

Likewise, the Bankruptcy Court noted in the decision in the Zubras matter: "Because these matters involve administration of the estate, a request for a determination of dischargeability, and denial of discharge, they are within this Court's "core" jurisdiction. *See* 28 U.S.C. § 157(b)(2)(A), (I), and (J) (including among core proceedings such causes of action)".

The Bankruptcy Court clearly had core jurisdiction to decide both matters below.

### d.  The Debtor's Appeal Improperly Seeks Relief from the Bankruptcy Court's December 8, 2016 Order.

As if Appellant's attempt to argue issues before this Court that have been waived was not enough to warrant dismissal of this appeal and affirmation of the June 21, 2017 Order, Appellant's brief egregiously seeks to have this Court reinstate the Debtor's discharge – or, in other words, reverse the Bankruptcy Court's December 8, 2016 Order. Requesting this relief now flies in the face of the most elementary and fundamental concept of bankruptcy appellate

procedure; namely, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed.R.Bankr.P. 8002(a)(1).

The time in which the Debtor could have appealed the December 8, 2016 Order expired on December 22, 2016. Notably, the Debtor was fully aware that the Trustee intended to use the December 8, 2016 Order as the basis for his turnover claim because the Trustee's complaint was filed on December 16, 2016 – 8 days after the entry of the December 8, 2016 Order and 6 days prior to the expiration of the appeal period. Despite such notice, the Debtor took no action with respect to the December 8, 2016 Order. Debtor's attempt to have this Court reverse the December 8, 2016 Order over eight months after its entry is unlawful, and any such arguments with respect thereto should be stricken. Therefore, the order granting the Trustee's Motion for Summary Judgment must be affirmed.

## V.        CONCLUSION

For the foregoing reasons, Gary F. Seitz, Esquire, the Chapter 7 trustee of the bankruptcy estate of Ann Miller, respectfully requests this Court dismiss the Debtor's appeal, affirm the order of the Bankruptcy Court and grant such further relief as this Court deems just and proper.

Dated: August 28, 2017                    GELLERT SCALI BUSENKELL & BROWN LLC

                                          /s/ Holly E. Smith
                                          Gary F. Seitz (PA ID #52865)
                                          Holly E. Smith (PA ID #203979)
                                          The Curtis Center
                                          601 Walnut Street, Suite 750 West
                                          Philadelphia, PA 19106
                                          Telephone: (215) 238-0010
                                          Facsimile: (215) 238-0016
                                          E-mail: gseitz@gsbblaw.com
                                          hsmith@gsbblaw.com

                                          Counsel to the Appellee/Chapter 7 Trustee

**VI.**    APPENDIX

App. 11:  Zubras Opinion…………………………………………… Pages 1-56

App. 12:  Transcript of hearing on Trustee's Motion for Summary
Judgment, May 24, 2017…………………………………………. Pages 57-70

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANN MILLER,** ) | **CIVIL ACTION NO. 17-2895** |
| ) | |
| **Appellant,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **GARY F. SEITZ,** ) | |
| **Appellee.** ) | |

**CERTIFICATION OF SERVICE**

The undersigned certifies that on August 28, 2017, the Brief of Appellee, Gary F. Seitz,

Chapter 7 Trustee was served upon the following parties via this Court's ECF Notification

System:

DOUGLAS R. LALLY
lawshark@hotmail.com


/s/ Holly E. Smith
Holly E. Smith