IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

No. 2:17-cv-02895 EGS

---

In The Matter Of:

GARY F. SEITZ,
*Plaintiff and Appellee*

v.

ANN MILLER
*Defendant and Appellant*

---

Appeal from the United States Bankruptcy Court, Eastern District of Pennsylvania
Bankruptcy Court Case No. 12-16015
Adversary Case No. 16-00448

---

# APPELLANT'S REPLY BRIEF

---

Douglas R. Lally
Law Office of Douglas R. Lally
261 Old York Road, Suite 524
Jenkintown, PA 19046
Tel. 215-886-6350
lawshark@hotmail.com

TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................... ii

    I.    PROCEDURAL HISTORY................................................................................1

    II.    ARGUMENT......................................................................................................1

        A.  The Trustee Did Not Allege or Prove the Required Elements
            of the Turnover Complaint.............................................................................1

        B.  The Trustee's Failure to Cite Any Pennsylvania Authority
            Establishing Appellant's Ownership of the Property Mandates
            Reversal............................................................................................................4

        C.  Arguments that a Court Lacks Jurisdiction Are Never Waived and
            Appellant Did Raise These Arguments Below........................................6

    III.   CONCLUSION.................................................................................9

# TABLE OF AUTHORITIES

Cases

*Arbaugh v Y & H Corp.*, 46 U.S. 500 (2006) ................................................................. 6

*Butner v. United States*, 440 U.S. 48 (1979) ............................................................... 5,6

*Gardner v. New Jersey*, 329 U.S. 565 (1947) ................................................................ 4

*In Re Brannon*, 476 F. 3d 170 (3d Cir. 2007) ................................................................. 5

*In Re Irwin*, 509 B.R. 808 (Bankr. E.D. Pa. 2014) ..................................................... 2, 5

*In Re Jason Realty, LP*, 59 F. 3d 423 (3d Cir. 1995) ................................................... 5,6

*In re: Stewart*, 368 B.R. 445 (Bankr. E.D. Pa. 2007 ....................................................... 5

*McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178 (1936) ........................ 5

*Rosen v Bezner*, 996 F. 2d 1527 (3d Cir. 1993) .............................................................. 2

*Samuel-Basset v. KIA Motors America, Inc.*, 357 F.3d 392 (3d Cir. 2004) .................... 5

*United States v. One Toshiba Color Television*, 213 F. 3d 147 (3d Cir. 2000) .............. 6

Statutes

11 U.S.C. 541 .............................................................................................................. 2,5

11 U.S.C. 542 .............................................................................................................. 2,3

28 U.S.C. 1334 ............................................................................................................... 5

28 U.S.C. 1927 ............................................................................................................... 1

Rules

Fed. R. Civ. P. 56 .................................................................................................................. 3

Other Authorities

Pennsylvania Rules of Professional Conduct, R.3.3(2) ....................................................... 8

I.   **PROCEDURAL HISTORY**

Since the filing of Appellant's Opening Brief in this appeal on July 27, 2017, the Trustee has continued to treat the bankruptcy court as having jurisdiction of the adversary action which is on appeal to this Court. First, on August 5, 2017 the Trustee served burdensome and objectionable discovery requests improperly captioned in the bankruptcy court, presumably to "establish" his right to proceed to take discovery supervised by a court which no longer has jurisdiction. On August 9, 2017 the Trustee filed a motion for sanctions under Rule 1927 in the bankruptcy court, a copy of which was provided to the Court as an exhibit in support of Appellant's opposition to the Trustee's Motion to Strike Frivolous Filing of Appellant and Counsel, to Prohibit Appellant and Counsel from Filing Future Frivolous Filings, For Sanctions Against Attorney Douglas R. Lally, Esquire Pursuant to 28 U.S.C, 1927 and for Damages for Frivolous Appeal ("Trustee's Sanction motion"). On September 1, 2017 the Trustee filed a Praecipe for Writ of Execution against the Appellant in the adversary action which is on appeal to this Court which was never served on Appellant, and the Trustee filed a new adversary complaint in the bankruptcy court against the Berger & Montague, P.C. law firm.

II.   **ARGUMENT**

  A. **The Trustee Did Not Allege or Prove the Required Elements of the Turnover Complaint**

The Trustee contends in his Appellee's Brief ("Brief") that the application of collateral estoppel precludes this Court from doing anything but affirming the bankruptcy court's grant of

1

summary judgment. The Trustee is wrong. The Trustee is wrong because the Trustee did not allege, nor did he prove, all the required elements of a complaint under 11 U.S.C. 542, the predicate for the relief sought in his complaint against the Appellant. (App. 2). Collateral estoppel does not and cannot cure this fundamental deficiency. Because this Court must review the grant of summary judgment *de novo* in this appeal, it must also evaluate the Trustee's pleading to determine whether the Trustee has alleged and proved the elements of this cause of action. *Rosen v Bezner,* 996 F. 2d 1527, 1530 (3d Cir. 1993) (when there has been a grant of summary judgment the standard of review is de novo).

The elements of a claim under Section 542 are: (1) the defendant (here the Appellant) is in possession, custody or control; (2) of property that may be used, sold or leased under §363; (3) during the case; and (4) the property is not of inconsequential value or benefit to the estate. *In Re Irwin,* 509 B.R. 808, 815 (Bankr. E.D. Pa. 2014). The *Irwin* Court also noted that, in addition to the above stated required elements of a claim under Section 542, the plaintiff must also prove that the property sought in the turnover complaint was property of the estate as defined by 11 U.S.C. 541, which mandates that property rights are to be determined under state law. *Id. at* 816. (See Appellant's Opening Brief, Section V which is incorporated herein by reference; also se Section B, *infra.*). The Trustee has failed on both of these requirements.

The specific property sought in the Trustee's complaint are: "Imprelis Referral Fee: $23, 423.00", "Imprelis Referral Fee: $9,916.47" and "Kia contingency fee: $21, 171.00" (defined in the complaint as "the Property" and which designation Appellant will use in this Brief hereafter). (App. 2, ¶ 22). However, nowhere does the complaint allege that the Appellant has possession, custody or control of the Property, or had possession, custody or control of the Property during the case, the first and third required elements of a claim under Section 542. *Irwin,* 509 B.R. at

2

516. The Trustee makes no allegations about the present status of these cases or when any funds from these cases were received; the allegation in paragraph 22 "the Debtor's records indicate that the Debtor has received the following fees" and the allegation in paragraph 21 that "[u]pon further review of the Debtor's records, the Trustee discovered that the Debtor performed no post-petition legal services for the foregoing matters..." simply do not satisfy the pleading and proof requirements of the required elements under a Section 542 complaint. The Trustee's failure to allege and prove when (or even if) the Appellant had possession, custody or control of the Property is fatal, as is his failure to prove that the Property is part of the bankruptcy estate under applicable Pennsylvania state law. Without the necessary pleading and proof the summary judgment cannot stand.

The argument that the Trustee had failed to prove the necessary elements of his claim in accordance with the applicable standard of Fed. R. Civ. P. 56 was made by the Appellant in Section I of her response to the Trustee's motion for summary judgment and completely ignored by the bankruptcy court. This Court's *de novo* review should include the required analysis.

In his Brief the Trustee misrepresents the record below when he states:

> "[s]pecifically, the Bankruptcy Court's December 8, 2016 decision and factual findings denying the Debtor's discharge established that the Debtor received the following fees, all of which constitute property of the bankruptcy estate...a. Imprelis Referral Fee $23, 423.00 b. Imprelis Referral Fee $9,916.47 c. Kia contingency fee $21, 171." (Brief, p. 2).

Of course the Trustee provides no page reference to the Bankruptcy Court's December 8, 2016 Opinion ("Opinion") or any citation to support this statement in his Brief because none exists. The Trustee alleged a completely different factual basis for his claim against the Appellant in his complaint. The Trustee's allegations in the complaint at paragraphs 21 and 22 quoted above make clear that it is the purported "Debtor's records", and not the Opinion, which

3

he alleges form the factual basis for his complaint. In her Answer to the Complaint the Appellant denied all of the Trustee's factual allegations and the Trustee, relying exclusively on the Opinion in his motion for summary judgment, never demonstrated at all that the Property sought in the complaint is or was in the possession, custody or control of the Appellant during the case or was property of the estate when the Appellant filed her bankruptcy in June, 2012. The Opinion simply does not contain the requisite information. As set forth in more detail below, the Trustee also failed to demonstrate, as a matter of law, that the Property is property of the estate and, consequently, that the bankruptcy court had jurisdiction of the adversary complaint on appeal here. Accordingly, the grant of summary judgment should be reversed.

### B. The Trustee's Failure to Cite Any Pennsylvania Authority Establishing Appellant's Ownership of the Property Mandates Reversal

The Trustee has not been able to come forward with **any** Pennsylvania state law that supports his right to seek the Property that is the subject of his turnover complaint against the Appellant; thus his filing of the complaint and his conduct during this proceeding cannot be justified or permitted to continue. In addition, the Trustee cites no Pennsylvania authority that contravenes, limits or questions the long standing substantial authority presented by the Appellant that the unresolved contingent fee cases and referral fees from unresolved contingency fee cases that existed on the date she filed her bankruptcy petition are not considered to be her property under Pennsylvania law. Because the Trustee can cite no Pennsylvania authority to support his position, and hence the grant of summary judgment, he has effectively conceded that he has not and cannot establish his right to the Property sought in the complaint.

Turnover actions, such as the Trustee's adversary against the Appellant which is the subject of the Appeal here, are *in rem*. *Gardner v. New Jersey,* 329 U.S. 565, 574 (1947) ("The whole process of proof, allowance and distribution is, shortly speaking, an adjudication of interests claimed

in a *res*"); *see also* 28 U.S.C. 1334 (e)(1) ("The district court in which a case under Title 11 is commenced or is pending shall have exclusive jurisdiction...of all the **property**, wherever located, of the debtor as of the **commencement of such case,** and of property of the estate...").(emphasis supplied). The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the court. *Samuel-Basset v. KIA Motors America, Inc.,* 357 F.3d 392, 396 (3d Cir. 2004). Thus the Trustee retains the burden of demonstrating subject matter jurisdiction in this appeal proceeding. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189 (1936) (holding that the party asserting the federal court's jurisdiction "must carry throughout the litigation the burden of showing that he is properly in court").

The Trustee has completely failed to satisfy his burden here. The linchpin of the Trustee's claim, which is on appeal here and on which he has the burden of proof, is whether the Property at issue in his complaint is property of the estate. 11 U.S.C. 541 (a). Property rights that become part of the bankruptcy estate under Section 541 are determined by applicable state law, here Pennsylvania law, and the debtor's property rights are limited by any restrictions arising under state law. *In Re Brannon,* 476 F. 3d 170, 176 (3d Cir. 2007); *In Re Irwin, supra. citing In Re Stewart,* 368 B.R. 445, 450 (Bankr. E.D. Pa. 2007 (citing *Butner v. United States,* 440 U.S. 48, 55 (1979).

A federal court in bankruptcy, and by necessary implication, the Trustee and this Court, is not allowed to upend the property law of the state in which it sits, for to do so would encourage forum shopping. *In Re Jason Realty, LP,* 59 F. 3d 423, 427 (3d Cir. 1995). In *Jason Realty* the Third Circuit further stated that the goal in this Circuit is to ensure that a party is "afforded in federal bankruptcy court the same protection it would have under state law if no bankruptcy had ensued." *Id.*

In *Jason Realty* the Third Circuit emphasized that it is the obligation of the bankruptcy court to follow applicable state law even if the bankruptcy court did not like the result that obedience to state law required:

5

> "And, of course, the bankruptcy courts are strictly bound to apply this state's law to property interests under the teachings of *Butner*. Yet the bankruptcy judge here concluded that an assignment, absolute on the face of the instrument, was collateral. Apparently, this result is borne of misgivings on the part of the bankruptcy court regarding the repercussions that our holding in *Commerce Bank*, interpreting Pennsylvania law, would have on single-asset reorganizations in New Jersey. Although our decision here may create serious obstacles for debtor. *Butner* mandates that we interpret the assignment as New Jersey courts would construe it outside the bankruptcy context. Our review of the bankruptcy court's holding in this case…suggest[s] the need to reemphasize the interaction of the mandates of the Bankruptcy Code, the principle of *Butner* and the doctrine of *stare decisis.*"

*In Re Jason Realty,* 59 F. 3d at 429.

The strong admonishment of the Third Circuit in *Jason Realty* applies with equal force here and prevents the Trustee from establishing his right to the property he seeks here without any entitlement under Pennsylvania state law.

### C. Arguments that a Court Lacks Jurisdiction Are Never Waived and Appellant Did Raise These Arguments Below

The Trustee's waiver arguments should be given short shrift. The objection that a federal court lacks subject matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment. *Arbaugh v Y & H Corp.,* 46 U.S. 500, 506 (2006). The Trustee cites no authority to rebut this longstanding precedent.

Moreover, there is no time limit for moving to vacate a judgment as void under Rule 60(b)(4) as Appellant has done. "[N]o passage of time can transmute a nullity into a binding judgment, and hence there is no time limit for such a motion. It is true that the text of the rule dictates that the motion will be made within 'a reasonable time.' However, …there are no time limits with regards to a challenge to a void judgment because of its status as a nullity…" *United States v. One Toshiba Color Television,* 213 F. 3d 147, 157 (3d Cir. 2000) (citations omitted).

The Trustee consistently misstates the record below in support of his untenable contention

6

that the Appellant waived her right to challenge the bankruptcy court's subject matter jurisdiction by failing to raise the issue below. In fact, Appellant raised this very argument in response to the Trustee's motion for summary judgment, stating at page 7 – 8 of her brief in opposition to the summary judgment motion:

> "Moreover, as the portions of the Zubras Opinion quoted at length by the Trustee in his Brief at pages 4 through 6 notes "state law determines the existence and scope of the debtor's interest in a particular asset as of the commencement of the case...". Neither the Zubras adversary nor the Opinion, nor this motion for summary judgment, identifies any applicable law of the Commonwealth of Pennsylvania which supports the Trustee's contention that the cases in which the Debtor was counsel were assets of the estate. The Zubras Opinion is devoid of any such legal precedent, as is the Trustee's motion for summary judgment. Neither the factual nor legal basis for the conclusion that the cases were assets of the estate was presented in the Zubras adversary or the Zubras Opinion. Accordingly, the Trustee's position that the "Imprelis Referral Fee", the second "Imprelis Referral Fee" and the "Kia contingency fee" are part of the estate and recoverable in whole or in part is untenable."

Thereafter, Appellant filed her own motion for summary judgment which expanded on her argument. Thus the issue was not and could not have been waived as the Trustee contends it was. Rather, the Trustee, when confronted with the applicable Pennsylvania state law that he should have known existed, has persisted in filing frivolous motions for sanctions because the Appellant rightfully refused to withdraw her motion for summary judgment. The Trustee's repeated, improper attempts to eradicate the summary judgment motion from the record and prevent the Appellant from having a thorough and careful evaluation of the law presented therein only serves to highlight the necessity for this Court to reverse the bankruptcy court's grant of summary judgment.

Rule 3.3(2) of the Pennsylvania Rules of Professional Conduct states that:

> "a lawyer shall not knowingly: fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel."

The Trustee's repeated attempts to strike the Appellant's Motion for Summary Judgment from the record and to prevent her from being heard on these issues as detailed in the

7

III. **CONCLUSION**

For each of the reasons stated herein and in her Opening Brief, the Appellant respectfully requests that this Court reverse the bankruptcy court's order granting the Trustee's motion for summary judgment against the Appellant in the amount of $54,510.47; order that the Appellant's discharge be reinstated because the Appellant has demonstrated that the Bankruptcy court exceeded its jurisdiction and statutory authority by revoking her discharge; and grant whatever further relief this Court deems just and proper.

                                              LAW OFFICES OF DOUGLAS R. LALLY

                                              */s/ Douglas R. Lally*
                                              Douglas R. Lally, Esquire
                                              261 Old York Road, Suite 524
                                              Jenkintown, PA 19046
                                              Tel. 215-886-6350
                                              Facsimile: (215) 754-4959
                                              Email: drlally@hotmail.com

                                              *Counsel to Defendant/Appellant*

Official Form 417C (12/15)

*[This certification must be appended to your brief if the length of your brief is calculated by maximum number of words or lines of text rather than number of pages.]*

### Certificate of Compliance With Rule 8015(a)(7)(B) or 8016(d)(2)

This brief complies with the type-volume limitation of Rule 8015(a)(7)(B) or 8016(d)(2) because:

[X] this brief contains [*state the number of*] **3,036** words, excluding the parts of the brief exempted by Rule 8015(a)(7)(B)(iii) or 8016(d)(2)(D), or

[ ] this brief uses a monospaced typeface having no more than 10½ characters per inch and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Rule 8015(a)(7)(B)(iii) or 8016(d)(2)(D).

_____   Date: __9/11/17__
Signature

Print name of person signing certificate of compliance:

Douglas R. Lally, Esquire